UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN JOHNSON ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-12087-WGY |
| ) | |
| LUIS SPENCER ) | |
| ) | |
| Respondent. ) | |

RESPONDENT'S MEMORANDUM OF LAW
IN SUPPORT OF THE MOTION TO DISMISS

This memorandum is submitted in support of the respondent's motion to dismiss this habeas corpus petition filed by Steven Johnson ("the petitioner"). As argued in this memorandum, the petition should be dismissed where the petitioner has failed to challenge the constitutionality of his criminal conviction or otherwise raise claims cognizable in habeas. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Johnson v. Moran*, 812 F.2d 23, 24 (1st Cir. 1987) ("'the traditional meaning and purpose of habeas corpus is to effect release from illegal custody'" (quoting *Preiser*, 411 U.S. at 476 n.7)).

**FACTS**

On November 26, 1980, Presiding Judge George W. Bowling of the Circuit Court for Charles County, Maryland, sentenced the petitioner, Steven M. Johnson, to life in prison for a first degree sexual offense. *See* Exhibit A, p. 1. Judge Bowling also sentenced the petitioner to a concurrent twenty-year prison term for kidnaping a child under sixteen, along with an additional concurrent ten-year prison term for assault with intent to disable. *Id*. The petitioner is currently incarcerated at the Massachusetts Correctional Institution-Norfolk. *See* Petition at ¶ 1.

**WHERE THE PETITIONER DOES NOT CHALLENGE THE CONSTITUTIONALITY OF HIS CRIMINAL CONVICTION OR OTHERWISE RAISE CLAIMS COGNIZABLE IN HABEAS, THIS PETITION FOR HABEAS CORPUS SHOULD BE DISMISSED.**

In his habeas petition, the petitioner does not challenge the legality of his underlying criminal conviction. Instead, he claims that (1) he "is being illegally held in Administrative Segregation pending transfer to another institution for filing [] a lawful grievance;" and (2) he is being denied the right to practice his religion. *See* Petition ¶ 2 and 3.

It is well established that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Johnson v. Moran*, 812 F.2d 23, 24 (1st Cir. 1987) ("'the traditional meaning and purpose of habeas corpus is to effect release from illegal custody'" (quoting *Preiser*, 411 U.S. at 476 n.7)). Consistent with the traditional purpose of habeas corpus, Congress circumscribed the contours of the writ for state prisoners in 28 U.S.C. § 2254(a), which permits a federal court to entertain an application for the writ by a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* "In short," as the Supreme Court has stated, "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of confinement." *Preiser*, 411 U.S. at 490.

The petitioner does not challenge the validity of his conviction and his complaints against the respondent are not anchored to any claims contesting in any way the legality of his trial. Thus, the petitioner's claims are not cognizable in habeas. *See Kruger v. Erickson,* 77 F.3d 1071, 1073 (8th Cir. 1996) ("Where petitioner seeks a writ of habeas corpus and fails to attack

the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue the writ. In the present case, the district court should have dismissed the petition . . . for lack of subject matter jurisdiction . . . ."); *Cook v. Texas Dept. of Crim. Just. Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994) ("The core issue in determining whether a prisoner must pursue habeas relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement. Section 1983 is an appropriate legal vehicle to attack . . . conditions of confinement" (citations omitted)); *Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991) (same); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (same); *Graham v. Broglin*, 922 F.2d 379, 380-81 (7th Cir. 1991) (same); *Clark v. Georgia Pardons and Paroles Bd.*, 915 F.2d 636, 638-39 (11th Cir. 1990) (same, and holding that district court erred in construing as habeas petition suit for damages and prospective injunctive relief regarding allegedly unconstitutional parole procedures).

      The petitioner claims that he is being illegally held in Administrative Segregation pending his transfer to another institution. *See* Petition at ¶ 2. The petitioner has no right to be housed at a particular security level or in a particular institution. The classification of prisoners to institutions of different levels of security neither implicates any protected liberty interest nor triggers any due process protection under the state and federal constitutions. *Meachum v. Fano*, 427 U.S. 215 (1976) (rejecting notion that reclassification and transfer of a Massachusetts inmate to higher custody infringes on a liberty interest of the due process clause); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Olim v. Wakinekona*, 461 U.S. 238, 245-248 (1983) (upholding transfer of federal prisoner from Hawaii to California); *Four Certain Unnamed Inmates of Mass.*

*Correctional Institution v. Hall,* 550 F.2d 1191, 1192 (1st Cir. 1977); *Lombardo v. Meachum*, 548 F.2d 13 (1st Cir. 1977)*; Limas v. McNary*, 799 F.Supp. 1259, 1263 (D.Mass. 1992).

The petitioner also claims that he is being denied the right to practice his Native American religion while in the Segregation Unit. *See* Petition at ¶ 3. A state prisoner can bring a federal civil rights actions pursuant to § 1983 to challenge the conditions of his confinement. *See Preiser*, 411 U.S. at 498, citing *Cooper v. Pate*, 378 U.S. 546(1964); *Houghton v. Shafer*, 392 U.S. 639 (1968); *Wilwording v. Swenson*, 404 U.S. 249 (1971); *Haines v. Kerner*, 404 U.S. 519 (1972). The petitioner should not be allowed to bring free-floating civil rights claims on behalf of himself under the guise of a habeas petition. Accordingly, the petition should be dismissed for failing to state any claims for habeas relief.

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus relief should be dismissed.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

/s/ Eva M. Badway
Eva M. Badway
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2824

Dated: October 25, 2004                    BBO # 635431

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2004, I caused a copy of the above <u>Memorandum of Law in Support of the Motion to Dismiss</u> to be served by first-class mail, postage prepaid, upon Steven Johnson, *pro se*, MCI-Norfolk, 2 Clark Street, P.O. Box 43, Norfolk, Massachusetts 02056.

<u>/s/ Eva M. Badway</u>
Eva M. Badway

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

APPENDIX A

| | |
|---|---|
| STEVEN JOHNSON ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 04-12087-WGY |
| ) | |
| LUIS SPENCER ) | |
| ) | |
| Respondent. ) | |

**NOTICE OF FILING WITH CLERK'S OFFICE**

Notice is hereby given that the exhibit listed below has been manually filed with the Court and is available in paper form only:

A)   Mittimus for Steven Michael Johnson.

The original document is maintained in the case file in the Clerk's Office.

        Respectfully submitted,

        THOMAS F. REILLY
        Attorney General

        /s/Eva M. Badway
        Eva M. Badway
        Assistant Attorney General
        Criminal Bureau
        One Ashburton Place
        Boston, Massachusetts 02108
        (617) 727-2200, ext. 2824
Dated: October 25, 2004        BBO # 635431